# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3140 | **DATE** | 8/8/2008 |
| **CASE TITLE** | Mary Schaefer vs. Sr. Mother Angelica (Rita Rizzo) & PCPA | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's application to proceed in forma pauperis [4] is denied. The plaintiff shall submit a signed copy of the complaint and pay the filing fee of $350.00 to the clerk of the court within 28 days or the court shall dismiss the case for want of prosecution. Plaintiff's motion to appoint counsel [5] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Mary Schaefer ("Schaefer"), filed a complaint on May 30, 2008. She also filed an application to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. In assessing whether to grant an application to proceed IFP, the court must review the complaint to ensure that it states a claim upon which relief can be granted and is not frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

The complaint, which is not signed, alleges that the defendants, a nun and a Catholic order located in Alabama, have, without proper compensation, appropriated Schafer's likeness, name, words (including the slogan "I believe"), prayers, singing, religious identity, and life experiences. Schafer alleges further that the defendants have slandered her, interfered with her life, employment, and family, told people to "keep an eye on her," and attempted to force her to watch certain religious television shows and support various religious beliefs over the past twelve years. She discusses the spreading of supernatural messages by the Catholic order to villagers in Bosnia and accuses the nuns of anti-Semitism and psychological control. She asks for $350,000 to compensate her for losses, which she alleges include death and injuries to her family members, as well as various declarations from the court to rid the plaintiff of the unwanted attention and threats and suggests that the case might become a class action. The court finds that the stream-of-consciousness allegations are factually, and likely legally, frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(I); *see, e.g.*, *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007); *Lee v. Clinton*, 209 F.3d 1025, 1027 (7th Cir. 2000). Consequently, the application to proceed *in forma pauperis* is denied.

Because it appears that diversity jurisdiction may be present, the court does not dismiss the complaint with prejudice. However, Schaefer may proceed only with payment of the $350 filing fee and submission of a properly signed complaint. As to the motion for appointment of counsel, at such an early stage in the case, Schaefer should be able to litigate the case herself, should she chose to proceed. *See Pruitt v. Mote*, 503

**STATEMENT**

F.3d 647 (7th Cir. 2007) (requiring a court to assess "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself"). The court therefore denies the motion without prejudice.