FILED
SEP 0 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
NF

|  |  |
|---|---|
| A. Schaefer, Mary R., ) | United States District Court |
| Plaintiff ) | Northern District of Illinois |
| ) |  |
| v. ) |  |
| ) |  |
| B. Sr. Mother Angelica ) | 08CV 3140 |
| (Rita Rizzo), P.C.P.A., ) |  |
| Defendant ) | gottschall |

(amended) COMPLAINT

1.) Plaintiff, Mary R. Schaefer, formerly a member of the Poor Clares of Perpetual Adoration (P.C.P.A.), 1990-1995, a religious catholic order located during the time of membership at Our Lady of the Angels Monastery, 5817 Old Leeds Road, Irondale, Alabama, 35210, does hereby file a complaint against the Defendant, Sr. Mother Angelica Rizzo, who resides at 3222 County Road 548, Hanceville, Alabama, 35077, of the Diocese of Birmingham, AL, for violations of right of privacy, invasion of privacy, tortes, and Anti-Semitism. The Defendant is commonly associated with Eternal Word Television Network of Irondale, AL, as "Mother Angelica," founder, and officer of same, previously or currently as President. The Plaintiff does not know whether the Eternal Word Television Network operates as a civil or church enterprise, but profits from the Eternal Word Television Network, i.e., sales of "nun's gift shop" items, are allocated to the Defendant and the Poor Clares of Perpetual Adoration as her and their "income." The Plaintiff left the religious community, a member in good standing, considering canonical options for transfer of her religious vows.

2.) The Plaintiff's intellectual property was broadcast in an airing of a television program that included the Plaintiff around 1994 as a member of the Poor Clares of Perpetual Adoration. The Plaintiff is identified with a slogan resulting from that program and her intellectual property that is illegally appropriated by the Defendant to

herself. This slogan is noted here as "I Believe" and is related to a Eucharistic Monstrance pin and the Plaintiff's intellectual property. The Defendant's personality cannot appropriate to herself this intellectual property, either for herself or the promotion of her TV station. The uniqueness of the slogan related to the Plaintiff's use of her personal property, thus a right of privacy and a violation of same in use of the Plaintiff's intellectual property have occurred, in appropriation of same by the Defendant to herself. Profits have been obtained, as well, in terms of sale of the program, copies and sold, and profits have been obtained in terms of sale of a pin identified with the slogan. No profits have ever been provided to the Plaintiff, nor has any copyright or granting of any permission for use of her intellectual property ever been granted. The Defendant has prospered from the use of the Plaintiff's intellectual property, in this and other matters. No permissions have ever been granted for such sales or use of any of the Plaintiff's intellectual property. Other property includes a charism falsely appropriated by the Defendant to herself and her associates that is the intellectual property of the Plaintiff. Written documents of the "charism" developed by the Plaintiff include titles such as, "On the Contemplative Life," "On the Missionary Life," and "The Garment of the Saints." Any writing or editorial work whatsoever as property of the Plaintiff that has been appropriated by the Defendant is included in the violation of invasion of privacy and use of intellectual property and tortes.

   3.) The Plaintiff holds a violation of right of privacy has occurred in the appropriation of her religious name, Sr. Sarah Marie of the Merciful Redeemer, by the Defendant to herself and the Poor Clares of Perpetual Adoration. Other associates of the Defendant with whom the Defendant is so identified where such false light and appropriation has occurred include the Missionaries of the Eternal Word (mfva . info, 5821 Old Leeds Road, Irondale, Alabama, 35210), a Holy Souls Apostolate of Susan Tassone of Chicago, and a Guy Murphy of an Angels of the Last Times Apostolate of Chicago. Invasion of privacy has occurred. (See holysouls . info, Mission Office, 721 N. LaSalle, Chicago, IL, for additional information). The Plaintiff not only does not support any of the viewpoints of the Defendant or her associates, but has given the Defendant no permissions to appropriate her identity or self to herself or to her associates.

4.) An audiotape was produced during the time of the Plaintiff's membership that includes her as a member of the choir. The music of the nun's singing includes a title of "Merciful Redeemer." The Plaintiff, as a member of the choir, has never granted permission to be included in the sale of the tape nor have any profits that have been earned by the Poor Clares of Perpetual Adoration appropriated as income to them have ever been earned by the Plaintiff. Any use of the Plaintiff's identity, intellectual property, self, or appropriation of same, without permission or granting of income to the Plaintiff, is included, in the invasion of privacy and right of privacy and torte violations.

5.) The Plaintiff did advise the Defendant of her concerns and of her request to the Defendant in 2007 in a letter to her with copies to the Religious Office in the Archdiocese of Chicago and the Diocese of Birmingham's office (See Exhibit A).

6.) In terms of invasion of privacy, the Plaintiff cites one final very serious violation done by the Defendant of Anti-Semitism. The Plaintiff is not certain, but identifies the possibility that the Anti-Semitism was continued after the Plaintiff left the Poor Clares of Perpetual Adoration, with the Defendant's associates and herself, even possibly through the television station. Frequently, the Defendant identified the Plaintiff as "a Jew" with serious harm seemingly meant to be intended, including harm to her employment or life and invasion of privacy the Plaintiff considers as a control or false authority. Thus, invasion of privacy and infliction of emotional stress has occurred.

10.) The court has Jurisdiction over this case as the matter is not rectified. The Plaintiff, Mary R. Schaefer, requests of the court to not only administer the complaint and court proceedings, but requests of the court to ascertain whether or not the Defendant understands and is willing to observe that neither by law, nor by any approved Constitutions of the Catholic Church, nor by the Roman Catholic Church herself, does the Defendant have any right to control the Plaintiff. The Plaintiff, no longer a P.C.P.A. nor in anyway a member of any medugorje prayer group or center of which she may be so associated, is not under any authority of the Defendant, not even where Anti-Semitism seems to give the Defendant control. The Plaintiff requests the court to obtain from the Defendant for damages and losses a monetary sum of $125,000,000. Statements can be requested, as needed, to ascertain what percentage of profits of sales of items and use of intellectual property estimates by the court.

Signature,

*Mary R. Schaefer* (signature)

Mary R. Schaefer

5709 N. Harlem Ave., Apt.

Chicago, IL  60631

312.351.0362